UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JUNE ELIZABETH BROGDON,<br><br>              Plaintiff,<br><br>   v.<br><br>WASHINGTON STATE DEPARTMENT OF CHILDREN, YOUTH AND FAMILY,<br><br>              Defendant. | CASE NO. 3:23-cv-05832-BHS<br><br>ORDER |

      THIS MATTER is before the Court on defendant Washington State Department of Children Youth and Family (DCYF)'s motion to dismiss pro se plaintiff June Brogdon's complaint against it. Dkt. 24.

      This is the third case Brogdon has filed against the DCYF, claiming it unlawfully removed her children in 2012. The first was *Brogdan*[1] *v. Washington*, No. C16-6017 RBL. Judge Leighton of this District denied Brogdan's application to proceed *in forma pauperis*, concluding that her claims were time barred as a matter of law, and that the *Rooker Feldman* doctrine barred her efforts to have a federal court review and reverse state court decisions regarding the removal of her children. *See* Dkt. 15 in that first case. Brogdan did not pay the filing fee, and the case was dismissed. Dkt. 16.

---

[1] The alternate spelling is plaintiff's, in her earliest case.

ORDER - 1

Brogdon sued again in 2019. *Brogdon v. State of Washington Children's Administration, et al.*, No. C19-5332 BHS. This Court dismissed that case because Brogdon had failed to name a person as a defendant, and her 42 U.S.C. § 1983 claim was not plausible. It also concluded that the claims were facially time-barred. It dismissed the case. *See* Dkt. 9 in the 2019 case.

Like her prior attempts, Brogdon's complaint in this case[2] is difficult to follow. She appears to contend that the DCYF illegally removed her children from her home in May 2012. She asserts that the removal violated the Indian Child Welfare Act (ICWA), 25 U.S.C. § 1914. She asks the Court to return her children to her, to reverse any adoptions, and to award her $30,000,000. Dkt. 17 at 5.

DCYF seeks dismissal under Federal Rules of Civil Procedure 12(b)(1) and (6). Dkt. 24. It argues that Brogdon has not plausibly alleged that she is the parent of an Indian child, and that the Court lacks subject matter jurisdiction under the ICWA. It also contends that because one of the children is no longer a minor, her claim regarding that person is moot. Dkt. 24 at 3. It argues that DCYF is a state agency and that it has not waived its Eleventh Amendment sovereign immunity. *Id.* at 6. It asserts that Brogdon's 42 U.S.C. § 1983 claim fails for the same reason; the state is not a "person" under that

---

[2] Brogdon's initial complaint, Dkt. 1-1, was filed as her operative complaint, Dkt. 17, after Magistrate Judge Theresa Fricke granted Brogdon's application to proceed *in forma pauperis*. Dkt. 16. As the State correctly points out, Brogdon's subsequent amended complaints, Dkts. 19, 22, are improper and ineffective because they were filed without its consent or leave of court. Dkt. 23 (citing Federal Rule of Civil Procedure 15(a)(1)(A)). This order addresses the operative complaint, Dkt. 17, but the result would be no different if the Court addressed the later versions.

ORDER - 2

statute. *Id*. at 8. DCYF also points out that Brogdon's ICWA (and § 1983) claims are facially barred by the applicable two- or three-year limitations period. The acts of which she complains occurred more than a decade before she filed this suit. *Id*. at 12–14 (citing *In re Adoption of Erin G.*, 140 P.3d 886, 893 (Alaska 2006) (Federal courts "borrow" state limitations periods for claims similar to ICWA claims)).

Brogdon has filed three documents that the Court will construe together as a response to DCYF's motion. Dkts. 25, 26, 27. She does not directly address any of DCYF's arguments, other than to reiterate that the ICWA does not include its own limitations period, Dkt. 25 at 1, 5, and to assert without explanation that she is "Native American." *Id*. Instead, as she did in the prior cases, she complains that DCYF attorneys Kimberly Witherspoon, Kevin Storm, Kaelen Brodie, and Jeffery Asprocolas "lied" in the underlying state court proceeding that led to the removal of her children. She concedes that these events occurred 12 years ago.

Under Fed. R. Civ. P. 12(b)(1), a court must dismiss for lack of subject matter jurisdiction if, construing the factual allegations in the light most favorable to the plaintiff, the action: (1) does not arise under the Constitution, laws, or treaties of the United States, or does not fall within one of the other enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case or controversy within the meaning of the Constitution; or (3) is not one described by any jurisdictional statute. *United Transp. Union v. Burlington N. Santa Fe R. Co.*, No. C06-5441 RBL, 2007 WL 26761, at *2 (W.D. Wash. Jan. 2, 2007), *aff'd*, 528 F.3d 674 (9th Cir. 2008). The plaintiff bears the

burden of proving the existence of subject matter jurisdiction. *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may be either "facial" or "factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack on the court's subject-matter jurisdiction, the court resolves the motion as it would a motion to dismiss under Rule 12(b)(6). *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014); *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003). The court must determine "whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite*, 749 F.3d at 1121. If the court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

When the Rule 12(b)(1) jurisdictional attack is factual, the district court can generally resolve factual disputes. It should refrain from doing so, however, where the jurisdictional issue and the substantive merits of the case are "inextricably intertwined." *See Kingman Reef Atoll Investments, L.L.C. v. United States*, 541 F.3d 1189, 1196-97 (9th Cir. 2008).

Dismissal under Federal Rule of Civil Procedure 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although courts must accept as true the complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion to dismiss. *Vasquez v. Los Angeles Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

Against these standards, the Court must again dismiss Brogdon's complaint. First, Brogdon's claims arising out of the 2012 state court action to remove her children are facially time-barred. If and to the extent she asks this Court to reverse, modify, or undo whatever the state court decided in 2012, her claims fail as a matter of law. The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments . . . and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005). "[W]hen a losing plaintiff in state court brings a suit in federal district court asserting as legal wrongs the allegedly erroneous legal rulings of the state court and seeks to vacate or set aside the judgment of that court, the federal suit is a forbidden de facto

appeal." *Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir. 2003); *accord Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2008).

Brogdon's conclusory claims that she is "a Native American," and that her children "qualify to be members in the Paiute tribe" are not enough to establish standing to assert an ICWA claim. DCYF argues, persuasively, that the Court does not have subject matter jurisdiction over the case:

> The ICWA applies to a child custody proceeding, including a termination of parental rights action, where the action concerns an "Indian child." *See* 25 U.S.C. § 1912; 25 C.F.R. § 23.103(a). ICWA defines an "Indian child" as "any unmarried person who is **under age eighteen** and **is** either (a) **a member of an Indian tribe** or (b) **is eligible for membership** in an Indian tribe **and** is the **biological child of a member** of an Indian tribe." 25 U.S.C. § 1903(4).
>
> To state a claim under § 1914, a plaintiff must allege adequate facts demonstrating that the child at issue is an Indian child. *Esquivel v. Fresno Cnty. Dep't of Soc. Servs.*, No. 22-16975, 2023 WL 8014223, at *1-2 (9th Cir. Nov. 20, 2023) (unpublished opinion). A complaint is insufficient in this regard if it merely alleges facts that suggest there is reason to know a child may be an Indian child. *Hawkings v. Sacramento Cnty. Dep't of Child & Family Adult Servs.*, No. 2:20-cv-0156 DAD DB PS, 2023 WL 316569, at *3 (Slip Opinion) (E.D. Cal. Jan. 19, 2023), report and recommendation adopted, No. 2:20-cv-0156 KJM DB PS, 2023 WL 5956845 (Slip Opinion) (E.D. Cal. Sept. 13, 2023). Where a plaintiff fails to allege facts that, if true, would establish that the child at issue is an Indian child, the plaintiff lacks statutory standing under § 1914.

Dkt. 24 at 9 (bolded emphasis added). DCYF argues that Brogdon has not pled that she is a member of a tribe, or that her children are. It asks the Court to dismiss under claim under Rule 12(b)(1).

The Court agrees that Brogdon has not invoked this Court's subject matter jurisdiction. Her claims are not otherwise plausible, and DCYF's motion to dismiss under

ORDER - 6

1 | Rules 12(b)(1) and (6) is **GRANTED**. The case is **DISMISSED**, without prejudice and
2 | without leave to amend.
3 |     The Clerk shall enter a **JUDGMENT** and close the case.
4 |     Dated this 3rd day of April, 2024.

                                      BENJAMIN H. SETTLE
                                      United States District Judge